But the power of the state depends on the exercise of the privilege or franchise to do business within the state in a corporate or organized capacity, not on the exercise of the privilege to do interstate business, which Congress alone can grant and regulate. The underlying principle, if I have discerned it, is that the corporation statutes of this state become operative upon foreign corporations only perforce of some privilege which the state has the power to grant or withhold. Those statutes, construed in the light of that principle, form a consistent scheme in harmony with the federal Constitution. I shall not hazard a general definition of what constitutes the exercise of a corporate franchise within this state. It is sufficient for this case to state a rule of exclusion, i. e., that the mere employment in this state of means and agencies as incident to the conduct in another state of an interstate business does not constitute the "doing" or the "transaction" of business or "the exercise of a corporate franchise" in the state within the meaning of its statutes.

The determination of the Appellate Term should be reversed, and the judgment of the Municipal Court affirmed, with costs.

SCOTT, J., concurs.

---

(147 App. Div. 892.)

### HOVEY v. RICHARDSON.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

Appeal from Appellate Term.

Action by Le Roy F. Hovey against Thomas D. Richardson, Jr. From a determination of the Appellate Term reversing a judgment of the Municipal Court for defendant, he, by permission, appeals. Determination of Appellate Term affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles E. Rushmore, for appellant.
L. S. Kafer, for respondent.

PER CURIAM. For the reasons stated in the prevailing opinion herewith handed down in Hovey v. De Long Hook & Eye Company, 133 N. Y. Supp. 25, the determination of the Appellate Term should be affirmed, with costs.

MILLER and SCOTT, JJ., dissenting.

---

(148 App. Div. 307.)

### WILSON et al. v. FORD et al.

(Supreme Court, Appellate Division, First Department. December 15, 1911.)

1. ACTION (§ 38*)—JOINDER OF CAUSES OF ACTION.

Code Civ. Proc. § 484, provides that plaintiff may unite in the same complaint two or more causes of action to recover for injuries to real property, if it appears upon the face of the complaint that all the causes of action so united are consistent with each other. Plaintiffs who had an easement in an alleyway, and owned two undivided third parts of it, sued to enjoin defendants' use of the alley, or, failing in that, to restrain its use for business purposes; the two grounds for relief arising out of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

133 N.Y.S.—3